UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Broderick A. Williams, | ) C/A No. 8:09-3331-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| F. M. and S.N.S., | ) |
| Defendants. | ) |

The plaintiff, Broderick A. Williams ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time Plaintiff filed his complaint, he was a detainee at the Greenville County Detention Center and had a criminal case pending against him. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff names as defendants in this civil rights action the victim involved in Plaintiff's criminal case and the victim's mother. The complaint alleges conspiracy to perpetrate fraud and denial of due process. Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files this action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case fails to allege any action under color of state law. The named defendants are the alleged victim, and the victim's mother, in Plaintiff's state criminal case. To allege action under color of state law and "implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). The person being sued under § 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id.* The complaint alleges private action by individuals, and "the Supreme Court has held that private activity will generally not be deemed 'state action.'" *Id*. [citation omitted]. The allegations of the complaint fail to establish the defendants acted under color of state law and thus, the defendants are not

3

subject to liability under § 1983. The complaint fails to state a claim pursuant to § 1983, and should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the notice on the following page.**

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

February 2, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).